UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE LAWTONE-BOWLES,

                Plaintiff,

-against-

U.S. BANK NATIONAL ASSOCIATION, As Trustee, In Trust For The Holders of MLMI Trust 2002-AFC Asset-Backed Certificates, Series 2002-AFC1 (USBank), et al.,

                Defendants.

**ORDER**

19-CV-05786 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff Nicole Lawtone-Bowles ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action on June 19, 2019 against: (1) U.S. Bank National Association, As Trustee, In Trust For The Holders of MLMI Trust 2002-AFC Asset-Backed Certificates, Series 2002-AFC1 (USBank) ("U.S. Bank"); (2) Select Portfolio Servicing (SPS) ("SPS"); (3) Steven J. Baum, P.C. ("Baum," and collectively, "Unserved Defendants"); and (4) Phionah N. Brown ("Brown"). (Doc. 2, "Compl."). The basis of federal subject-matter jurisdiction is a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. (*Id*. at 2).

    On December 17, 2020, the Court ordered Plaintiff to show cause by January 15, 2021 regarding her failure to serve timely the Summons and Complaint on the Unserved Defendants within the ninety (90) day period allotted by the September 17, 2019 Order of Service and Federal Rule of Civil Procedure 4(m). (Doc. 30). Plaintiff failed to respond to the December 17, 2020 Order to Show Cause and, as a result, in an Order docketed separately today, the Court dismissed the claims for relief against the Unserved Defendants under Federal Rule of Civil Procedure 41(b). Consequently, the only Defendant remaining in this action is Brown.

Brown filed a motion to dismiss the claims for relief against her under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). That motion was briefed fully with the filing of Brown's reply memorandum of law in further support of her motion on May 29, 2020. (Docs. 23-29).

As stated above, the basis for this Court's subject-jurisdiction in this matter is a violation of RESPA. (Compl. at 2). "There are three private causes of action under RESPA which arise under Title 12 Sections 2605, 2607, and 2608." *Fraser v. Aames Funding Corp.*, No. 16-CV-448, 2017 WL 564727, at *7 (E.D.N.Y. Jan. 24, 2017), *adopted by* 2017 WL 563972 (E.D.N.Y. Feb. 10, 2017). Section 2605, which Plaintiff invokes specifically here (Compl. at 2), "governs the servicing of mortgage loans and the administration of escrow accounts," *Johnson v. Scala*, No. 05-CV-5529, 2007 WL 2852758, at *5 (S.D.N.Y. Oct. 1, 2007). That statute defines "servicer" as "the person responsible for servicing a loan . . . ." 12 U.S.C. § 2605(i)(2). "Servicing," in turn, is defined as:

> receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amount received from the borrower as may be required pursuant to the terms of the loan.

12 U.S.C. § 2605(i)(3).

Brown, named herein because she represents U.S. Bank in a foreclosure proceeding against Plaintiff pending in the New York State Supreme Court, County of Orange, is not alleged to have engaged in any activity that would meet RESPA's definition of "servicer." (*See generally,* Compl.). Indeed, a review of the Complaint reveals that Plaintiff intended to press state claims sounding in fraud against Brown as a result of her representation of U.S. Bank in the state court action. (*See* Compl. at 6). However, because the Court has dismissed the Unserved Defendants from this action under Rule 41(b) and Brown is not subject independently to RESPA as a servicer,

the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Brown.¹ *See Cox v. City of New Rochelle*, No. 17-CV-8193, 2020 WL 5774910, at *8 (S.D.N.Y. Sept. 28, 2020) (declining to exercise supplemental jurisdiction over plaintiff's state law claims for relief after dismissing plaintiff's federal claims).

Accordingly, Brown's motion to dismiss is GRANTED and the claims for relief against Brown are dismissed without prejudice. The Clerk of the Court is respectfully directed to terminate motion sequence pending at Doc. 25 and to close this case.

**SO ORDERED:**

Dated:  New York, New York
January 19, 2021

_____
PHILIP M. HALPERN
United States District Judge

---

¹ Mindful of the special solicitude provided to *pro se* litigants, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), the Court has reviewed the Complaint and concludes that there is no independent basis to exercise original subject-matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332.