UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE LAWTONE-BOWLES,

                    Plaintiff,

-against-

U.S. BANK NATIONAL ASSOCIATION, As Trustee, In Trust For The Holders of MLMI Trust 2002-AFC Asset-Backed Certificates, Series 2002-AFC1 (USBank), SELECT PORTFOLIO SERVICING (SPS), STEVEN J. BAUM, P.C., PHINOAH N. BROWN,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

19-CV-05786 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff Nicole Lawtone-Bowles ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action against Defendants U.S. Bank National Association, As Trustee, In Trust For The Holders of MLMI Trust 2002-AFC Asset-Backed Certificates, Series 2002-AFC1 (USBank) ("U.S. Bank"), Select Portfolio Servicing (SPS) ("SPS"), Steven J. Baum, P.C. ("Baum"), and Phinoah N. Brown ("Brown," and collectively, "Defendants") on June 19, 2019. (*See* Doc. 2).

    On December 17, 2020, after this case was transferred to the undersigned, the Court issued an Order to Show Cause directing Plaintiff to show cause in writing by January 15, 2021 why this action should not be dismissed as to U.S. Bank, SPS, and Baum (collectively, "Unserved Defendants") for Plaintiff's failure to serve the Summons and Complaint on those Defendants within the ninety-day period allotted by Judge Karas' September 17, 2019 Order of Service and Federal Rule of Civil Procedure 4(m). (Doc. 30). The Court directed that Plaintiff: (1) explain why she never sought an extension of time to serve the Unserved Defendants; and (2) advise as to whether she wished to proceed against the Unserved Defendants and, if so, provide additional address information for service. (*Id*. at 3-4). The Court warned that, "[f]ailure to comply with this

Order shall result in dismissal" without prejudice as to the Unserved Defendants under Federal Rules of Civil Procedure 4(m) and 41(b), and could result in "dismissal without prejudice as to Brown as well." (*Id*. at 4).

On January 19, 2021, having received no response from Plaintiff, the Court issued two Orders. The first Order dismissed without prejudice the claims against the Unserved Defendants for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Doc. 31). The second Order, noting that subject-matter jurisdiction in this case stemmed from claims under a federal statute inapplicable to Brown, granted Brown's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and terminated this action. (Doc. 32). Judgment was entered the same day. (Doc. 33).

On February 17, 2021, Plaintiff filed a motion for relief from a final judgment or order under Federal Rule of Civil Procedure 60(b).[1] (Doc. 35, "Pl. Br."). Plaintiff maintained therein that she filed a response to the Order to Show Cause on January 1, 2021. (*See generally id*.). Brown filed a memorandum of law in opposition to Plaintiff's motion on March 4, 2021. (Doc. 36, "Def. Opp.").[2] On March 9, 2021, the Court directed Plaintiff to file properly, on or before March 16,

---

[1] Plaintiff stylized the extant motion as one for reconsideration. (*See* Pl. Br.). Under Local Civil Rule 6.3 of the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, "a notice of motion for reconsideration . . . of a court order . . . shall be served . . . in the case of a court order resulting in a judgment, within fourteen (14) days after entry of the judgment." While it appears that the motion was mailed to the Court within fourteen days of Judgment (*see* Pl. Br. at 13), there is no affidavit of service suggesting that it was served on any party (*see generally id*.). As such, the Court concludes that the motion was served on the parties the day it was filed (*i.e.*, twenty-nine days after Judgment was entered). The Court would, therefore, deny a reconsideration motion as untimely. However, given the liberality with which *pro se* submissions are treated, the Court construes the motion as one under Rule 60(b).

[2] The opposition brief was filed ostensibly on behalf of U.S. Bank and SPS, as well as Brown, (*see* Def. Opp. at 1), but counsel only entered an appearance on behalf of Brown (*see* Doc. 17 (notice of appearance); Doc. 18 ("[T]his office represents . . . Brown . . . ."); Doc. 25 (moving only on Brown's behalf); *see also* Docs. 10, 11, 12 (advising that counsel was not authorized to accept service on behalf of the Unserved Defendants)). Under Rule 1(E) of this Court's Individual Practices, "counsel are required to . . . enter an appearance in the case . . . ." Counsel never appeared on behalf of U.S Bank or SPS, and the Court will not now—after Judgment has been entered in part because counsel disclaimed an ability to accept service for them—allow an appearance by opposing a post-Judgment motion. The Court will not consider the opposition papers on behalf of any Defendant other than Brown.

2021, the four documents she attempted to file on January 1, 2021. (Doc. 37). Later that same day, Plaintiff filed a reply memorandum of law in further support of her motion; that submission consisted of two pages of argument and sixty pages of attachments. (Doc. 38, "Pl. Reply"). As Plaintiff has not filed a document referencing specifically the Court's March 9, 2021 Order, the Court presumes that the documents she intended to file on January 1, 2021 are included within the 60-pages annexed to Plaintiff's reply brief.[3]

For the reasons set forth below, the motion is DENIED.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides six situations wherein a court may, "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Such relief is permissible where the movant establishes:

> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)    the judgment is void;
>
> (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[3] Separately, Brown and Plaintiff filed an unauthorized sur-reply and sur-sur-reply, respectively. (Doc. 39; Doc. 40). "Local Civil Rule 6.1(b) does not contemplate the filing of a sur-reply," *Sachs v. Matano*, No. 15-CV-6049, 2016 WL 4179792, at *2 n.5 (E.D.N.Y. July 15, 2016), *adopted by* 2016 WL 4186708 (E.D.N.Y. Aug. 4, 2016), and Rule 4(H)(ii) of this Court's Individual Practices warns that "[u]nless prior permission has been granted, sur-reply memoranda will not be accepted." The Court need not consider a sur-reply or sur-sur-reply where permission was neither sought nor granted, *see, e.g.*, *Bisesto v. Uher*, No. 19-CV-1678, 2019 WL 2537452, at *2 (S.D.N.Y. June 20, 2019) (collecting cases), and Plaintiff's *pro se* status does not absolve her from complying with this Court's rules, *see Sachs*, 2016 WL 4179792, at *2 n.5. Consequently, the Court will not consider either unauthorized filing. Yet, even if the documents were considered, they would not alter the conclusion reached herein.

      (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, "must present 'highly convincing' evidence, 'show good cause for the failure to act sooner,' and show that 'no undue hardship [would] be imposed on other parties.'" *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (alteration in original)); *see also Stern v. Highland Lake Homeowners*, No. 18-CV-4622, 2021 WL 1164718, at *4 (S.D.N.Y. Mar. 26, 2021) (noting that "a court should only grant such a request when, without such relief, extreme hardship would result" (internal quotation marks omitted)); *Brooks v. Doe Fund, Inc.*, No. 17-CV-3626, 2020 WL 5706451, at *3 (E.D.N.Y. Sept. 24, 2020) ("[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." (quoting *Spaulding v. New York City Dep't of Educ.*, 407 F. Supp. 3d 143, 149 (E.D.N.Y. 2017) (alteration in original)).

      While Rule 60(b) must "be broadly construed to do substantial justice while respecting that final judgments should not be lightly reopened," *Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 864 F.3d 172, 183 (2d Cir. 2017) (internal quotation marks omitted), it "is a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Castro v. Bank of New York Mellon*, --- F. App'x ---, 2021 WL 1207904, at *1 (2d Cir. Mar. 31, 2021) (internal quotation marks omitted); *see also Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (explaining that "[r]elief under Rule 60(b) is generally not favored and . . . granted only upon . . . exceptional circumstances" (internal quotation marks omitted)). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court . . . ." *Watts-Devine v. United States*, 616 F. App'x 9, 10 (2d Cir. 2015) (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (alteration

in original)). Moreover, such a motion "may not be used as a substitute for appeal." *Castro*, 2021 WL 1207904 at *1; *see also Manney v. Intergroove Media GMBH*, No. 10-CV-4493, 2014 WL 1224171, at *2 (E.D.N.Y. Mar. 24, 2014) ("[A] Rule 60(b) motion may not be used to circumvent the time limits for appeal." (alteration in original, internal quotation marks omitted)).

## ANALYSIS

Based upon the arguments made in the moving papers, the Court construes Plaintiff's motion as one seeking relief under Federal Rule of Civil Procedure 60(b)(1).

Rule 60(b)(1) allows the Court to grant relief from a final order or judgment for "mistake, inadvertence, surprise, or excusable neglect." Notably, "'[e]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pozo v. City of New York*, No. 11-CV-2565, 2013 WL 4046301, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting *Pollard v. Does*, 452 F. App'x 38, 40 (2d Cir. 2011)). In evaluating whether to grant a Rule 60(b)(1) motion on the basis of excusable neglect, the Court considers four factors:

> [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Watts-Devine*, 616 F. App'x at 10 (alterations in original, internal quotation marks omitted); *see also Sable v. Kirsh*, No. 15-CV-4372, 2017 WL 4620997, at *3 (E.D.N.Y. Oct. 13, 2017) (noting, on a Rule 60(b)(1) motion challenging a Rule 41(b) dismissal, that circumstances considered "include prejudice to the adversary, the length of the delay, the reason for the error, the impact on the judicial proceedings, whether it was within the reasonable control of the movant, and whether the movant acted in good faith"); *Pozo*, 2013 WL 4046301, at *1; *Myers v. New York City Human Rights Comm'n*, No. 04-CV-00543, 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006). The movant's reason for the delay "predominates, and the other three are significant only in close cases

. . . ." *Watts-Devine*, 616 F. App'x at 11 (internal quotation marks omitted); *see also Myers*, 2006 WL 2053317, at *2 ("[C]ourts focus on the third factor—the reason for the delay—and rarely grant an extension where the moving party has simply failed to follow a straightforward rule."). While "[a] party's *pro se* status is relevant" in the assessment, "it does not by itself excuse a litigant from complying with procedural rules." *Myers*, 2006 WL 2053317, at *2.

Applying the four factors listed above, Plaintiff has not made the showing required to secure relief under Rule 60(b)(1). Should the motion be granted, the danger of prejudice appears minimal, the length of delay in making the motion was approximately one month (although no explanation has been offered for the underlying failure to seek an extension of Judge Karas' September 17, 2019 Order of Service, issued some seventeen months earlier), and the Court has no reason to doubt Plaintiff's good faith in making the motion—but these considerations "usually favor the moving party." *Myers*, 2006 WL 2053317, at *2. In this case, the third factor—the predominant factor—cuts against Plaintiff's application clearly and without question. Plaintiff argues that she complied with the Court's directive and filed a response to the December 17, 2020 Order to Show Cause. She maintains, in pertinent part, as follows:

> I received an email confirmation from the court that my Order To Show Cause was accepted January 1, 2021 at 12:57 am. I did not received a return for correction document after that my papers was accepted. I complied with the courts request. I have attached all the emails of the proof received from the courts email.

(Pl. Br. at 1; *see also* Pl. Reply at 1-2). Plaintiff filed a copy of the confirmation e-mail referenced above. (Pl. Br. at 7-8). A review of that message reveals the following warning contained therein:

> Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

> . . . .
>
> *If your document does not appear* on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form . . . .

(*Id*. at 7 (emphasis added)). Despite this notice, Plaintiff suggests that she did not know her response to the December 17, 2020 Order to Show Cause was not filed until, at some point after Judgment was entered, she "called the prose office . . . [and] they told [her that] they received it but it was to big to up load to pacers." (Pl. Reply at 2).

Upon review of Plaintiff's submissions, she failed to provide "highly convincing" evidence of "exceptional circumstances" demonstrating her entitlement to the "extraordinary judicial relief" of being relieved from Judgment on a theory of excusable neglect. Plaintiff was on notice that it was her responsibility to make sure that the documents she sought to file appeared on the docket and, if they did not appear, to file those documents in paper form. Under the best reading of this situation, Plaintiff ignored the notice; and, at worst, she abdicated her responsibility. Either way, because Plaintiff "fail[ed] to act with diligence, [s]he will be unable to demonstrate that [her] conduct constituted 'excusable neglect.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004); *see also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (observing that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect" (internal quotation marks and emphasis omitted)); *Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, No. 09-CV-0121, 2016 WL 3080807, at *19 (E.D.N.Y. May 27, 2016) (explaining that Rule 60(b)(1) relief requires the movant to "demonstrate that his alleged mistake was justified, and not merely the result of carelessness" (quoting *In re Joe's Friendly Serv. & Son, Inc.*, 538 B.R. 618, 624 (E.D.N.Y. 2015))).

Plaintiff's *pro se* status does not alter this outcome. First, as noted above, that Plaintiff is *pro se* does not excuse her from complying with procedural rules or meeting the burden necessary to secure the relief requested. *See Myers*, 2006 WL 2053317, at *2; *Broadway v. City of New York*, No. 96-CV-2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) ("Moreover, the heavy burden for securing relief from final judgments applies to *pro se* litigants as well as to those who are represented by counsel."); *Gil v. Vogilano*, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001) (noting that "[p]ro se litigants are not . . . excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion"). Second, the special solicitude due a *pro se* litigant depends upon that particular party's litigation experience, as "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *see also Shomo v. New York Dep't of Corr. Servs.*, No. 04-CV-0910, 2007 WL 2580509, at *3 (N.D.N.Y. Sept. 4, 2007) (observing that granting "experienced *pro se* litigants" the same solicitude due an inexperienced one "would tilt the scales of justice unfairly in favor of the *pro se* litigant and against his opponents"). Plaintiff is an experienced litigant in this District and is undoubtedly well aware of her duties as a complaining party. *See, e.g.*, *Lawtone-Bowles v. City of New York*, No. 17-CV-08024; *Lawtone-Bowles v. Nunez*, No. 17-CV-00130; *Lawtone-Bowles v. Franklin*, No. 17-CV-00129; *Lawtone-Bowles v. Seneca Cty. Corrs. Div.*, No. 15-CV-08837; *Lawtone-Bowles v. Smart*, No. 14-CV-09728; *Lawtone-Bowles v. New York State Police*, No. 14-CV-00606; *Lawtone-Bowles v. Omni Medical Care*, No. 13-CV-06735; *Lawtone-Bowles v. City of New York Police Dep't*, No. 13-CV-05458; *Lawtone-Bowles v. New York City Hous. Auth.*, No. 13-CV-01434; *Lawtone-Bowles v. City of New York Dep't of Sanitation*, No. 13-CV-01433.

As Plaintiff failed to make a highly convincing showing of exceptional circumstances demonstrating her entitlement to the extraordinary judicial relief available under Federal Rule of Civil Procedure 60(b), the motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 35.

                                                **SO ORDERED:**

Dated: White Plains, New York
        April 16, 2021

                                                PHILIP M. HALPERN
                                                United States District Judge